THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL CORDWELL,                                              No. 3:21-cv-00845-HZ

        Plaintiff,                                        OPINION & ORDER

    v.

CELEBRITY YACHT GROUP LLC,
STEPHEN JOHNSON, and JANICE
MARIE JOHNSON,

        Defendants.


Owen Warner Dukelow
Kolisch Hartwell, PC
200 Pacific Building
520 SW Yamhill Street
Portland, OR 97204

Jonah A. Grossbardt
SRipLaw
8730 Wilshire Boulevard, Suite 350
Beverly Hills, CA 90211

    Attorneys for Plaintiff


1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Paul Cordwell brings this copyright infringement action against Defendants Celebrity Yacht Group LLC ("YL-365"), Stephen Johnson, and Janice Marie Johnson. Compl. ¶¶ 3–5, ECF 1. Plaintiff moves for default judgment. Defendants did not file an answer or otherwise appear in this case. For the reasons that follow, the Court grants the motion.

## BACKGROUND

### I. Factual Background

Plaintiff is a professional photographer. Compl. ¶ 2. Defendant YL-365 writes articles on various topics, including private jets. Compl. ¶ 3. The articles are published on its website, https://www.yachtinglifestyle365.com. *Id.* Defendants Stephen Johnson and Janice Marie Johnson are company managers of YL-365 and Defendant Stephen Johnson is an owner. Compl. ¶5. Plaintiff alleges Defendants copied one of his copyrighted photographs without permission and published it on their website with an article titled, "Make a Statement; From Paris to Davos by Private Jet." Compl. ¶ 22. Plaintiff alleges Defendants copied and distributed his photograph in connection with their "business for purposes of advertising and promoting" their business. Compl. ¶ 25. Based on these allegations, Plaintiff brings one claim for copyright infringement.

### II. Procedural Background

Plaintiff filed this copyright infringement action on June 3, 2021. The Court denied Plaintiff's first motion for entry of default for failure to properly serve Defendants. ECF 17. Plaintiff then properly served Defendants, and the Court granted his second motion for entry of default. ECF 27. Three months later, the Court entered an order to show cause why the case should not be dismissed for lack of prosecution. ECF 28. Plaintiff responded, and the Court vacated the Order. ECF 31. Per the Court's orders, Plaintiff submitted two status reports to the

Court on March 3, 2022 and April 4, 2022. ECF 32, 35 On June 16, 2022 the Court entered a second order to show cause. ECF 39. Plaintiff responded a few days later by filing a motion for default judgment. ECF 40. Plaintiff's motion is now before the Court.

## STANDARDS

Upon entry of default, all well-pleaded factual allegations of the complaint are taken as true, except those allegations relating to the amount of damages. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) (same).

Under Rule 55(b)(1), the district court clerk is authorized to enter a default judgment if the plaintiff's claim "is for a sum certain or a sum that can be made certain by computation . . . against a defendant who has been defaulted for not appearing." A sum is certain when "no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 928 (9th Cir. 2004). Under Rule 55(b)(2), the district court has discretion as to whether to enter a default judgment. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007). In exercising its discretion, the court may consider

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986). "[D]efault judgments are ordinarily disfavored." *Id.* at 1472.

//

//

**DISCUSSION**

Plaintiff moves for a default judgment. He seeks $30,000 in statutory damages, prejudgment and post-judgment interest, a permanent injunction, attorney's fees, and costs. The Court begins by analyzing liability, and then addresses Plaintiff's remaining requests in turn.

**I.      Liability**

The Court analyzes the *Eitel* factors to determine whether to grant the motion for a default judgment. The first *Eitel* factor favors Plaintiff. Based on the record, it appears Plaintiff has attempted to settle this matter with Defendants without success. Defendants have not appeared for over a year and have actual notice of the case. Plaintiff has attempted to prosecute the case and responded to the Court's various orders in a timely matter. Denying Plaintiff's default judgment would prejudice him. *See Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (finding that "prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment).

The Court analyzes the second and third *Eitel* factors together. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). To prevail, Plaintiff's complaint must sufficiently state a claim based on plausible facts, not just general allegations. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiff needs to establish a prima facie case of copyright infringement to show the merits of his claim and the sufficiency of the complaint. A prima facie case of copyright infringement requires (1) ownership of a valid copyright and (2) a violation of at least one exclusive right—such as the right to copy, prepare, or distribute—granted to copyright holders under 17 U.S.C. § 106. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiff alleges he is the owner of the copyrighted photograph. Compl. ¶ 19; Comp. Ex. 1. He alleges "plausible facts" that Defendants reproduced, distributed, and

publicly displayed his copyrighted photograph without permission. Comp. ¶¶ 20–25. Taking these allegations as true, Plaintiff has established a prima facie case of copyright infringement. The substantive merits of Plaintiff's claim and the sufficiency of the complaint support a default judgment.

Next the Court considers the sum of money at stake compared to the seriousness of Defendant's conduct. The Copyright Act authorizes the Court to impose statutory damages for willful infringement up to $150,000 per infringed work. 17 U.S.C. § 504(c). Despite alleging willful infringement, Plaintiff seeks $30,000 in damages, which is the statutory maximum for non-willful infringement. The Court finds this sum is reasonable. *See Microsoft Corp. v. Lopez*, No. C08-1743-JCC, 2009 WL 959219, at *3 (W.D. Wash. Apr. 7, 2009) (finding a $30,000 damage award reasonable when the plaintiff alleged willful infringement).

The remaining factors are neutral or support a default judgment. Defendants have actual notice of the action and have failed to appear. *See Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect in a default judgment analysis when a defendant is "properly served with the Complaint, the notice of entry of default, [and] the papers in support of the [default judgment] motion."). Plaintiff has supported its claim with evidence and Defendant has not attempted to challenge the accuracy of the allegations in the complaint. *See Microsoft Corp.*, No. C08-1743-JCC, 2009 WL 959219, at *3 (finding a defendant's failure to oppose the motion, or answer the complaint "prevents adjudication on the merits").

Taken together, the Court finds the *Eitel* factors favor the entry of a default judgment and grants the motion for default judgment.

//

## II.  Statutory Damages

Plaintiff seeks $30,000 in statutory damages for Defendants' copyright infringement. "Under the 1976 Copyright Act, the plaintiff may elect to recover either actual or statutory damages." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir.1990); *see* 17 U.S.C. § 504(c)(1). "If statutory damages are elected, '[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.'" *Peer Int'l Corp.*, 909 F.2d at 1336 (quoting *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)). Plaintiff offers evidence that he charged $4,500 for the photoshoot where the photograph at issue was taken. Cordwell Decl. ¶ 19, ECF 40-1. He notes that this is a "scarce image" because of the "labor-intensive techniques" used to create the photograph. *Id.* ¶ 18. He states that clients pay for exclusive and expensive images and Defendant's conduct threatens the exclusive nature of his work. *Id.* ¶ 16. In his declaration, Plaintiff states that Defendant's unauthorized dissemination of the photograph will lead to greater unauthorized distribution, as third parties are able to download the image, strip it of its metadata, and distribute it further. *Id.* ¶ 16. As noted above, Plaintiff requests significantly less than the statutory maximum for a willful violation and the maximum for a non-willful violation. *See L.A. News Serv. v. Reuters Television Int'l*, 149 F.3d 987, 996 (9th Cir. 1998) (noting that "a plaintiff may recover statutory damages whether or not there is adequate evidence of actual damage suffered by plaintiff . . . in order to sanction and vindicate the statutory policy of discouraging infringement."). The Court finds Plaintiff is entitled to an award of statutory damages in the amount of $30,000.

Plaintiff requests prejudgment and post judgment interest on his award of statutory damages. "Prejudgment interest is an element of compensation, not a penalty." *Dishman v.*

*UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). In the copyright context, it serves to "compensate the copyright holder for the time it is deprived of lost profits or license fees." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 718 (9th Cir. 2004). Plaintiff seeks an award of prejudgment interest from the date he discovered the infringement. The Court finds this reasonable given that the date of initial infringement is unknown. *See Getty Images (US), Inc.*, No. C13-0626JLR, 2014 WL 358412, at *6 (granting prejudgment interest from the date the infringing conduct was discovered). As for post-judgment interest, pursuant to 28 U.S.C. 1961(a), interest "shall be allowed on any money judgment in a civil case recovered in a district court." Accordingly, Plaintiff is also entitled to post-judgment interest.

The Court awards Plaintiff prejudgment interest from the date the infringement was discovered, June 3, 2018, and post-judgment interest. Cordwell Decl. ¶ 9. Pre- and post-judgment interest shall be calculated at the rate provided in 28 U.S.C. § 1961. *See W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984) ("the measure of interest rates prescribed for post-judgment interest in 28 U.S.C. § 1961(a) is also appropriate for fixing the rate for pre-judgment interest").

### III.  Injunctive Relief

Under the Copyright Act a court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "[I]njunctive relief to prevent copyright infringement is available as an equitable remedy in the court's discretion." *Flexible Lifeline Sys., Inc. v. Precision Lift*, Inc., 654 F.3d 989, 994 (9th Cir. 2011). A party seeking a permanent injunction must establish, "(1) it is likely to suffer irreparable injury that cannot be redressed by an award of damages; (2) that 'considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted'; and (3) 'that the public interest would not be disserved by a permanent injunction.'" *City & Cnty. of*

*San Francisco v. Trump*, 897 F.3d 1225, 1243 (9th Cir. 2018) (*citing eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

Plaintiff seeks a permanent injunction but does not allege that Defendants have continued their infringing activities. Without more information from Plaintiff, and evidence with respect to each of the four factors, the Court cannot determine that a permanent injunction is appropriate in this case. *See eBay Inc.*, 547 U.S. at 392–93 (finding that an injunction does not "automatically follow[] a determination that a copyright has been infringed"); *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312 (1982) ("An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.") (citations omitted). The Court denies the request for injunctive relief. Plaintiff may file a motion for reconsideration if he wishes to submit further argument and evidence in support of the request for a permanent injunction.

## IV.   Attorney's Fees

Plaintiff seeks an award of attorney's fees. The Copyright Act authorizes an award of reasonable attorney's fees to the prevailing party at the discretion of the court. 17 U.S.C. § 505. The Court applies the *Lodestar* method for calculating attorney's fees. *See Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987). The court first multiplies the number of hours the prevailing party reasonably expended on the litigation times a reasonable hourly rate, in order to determine the "lodestar" amount. *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). If circumstances warrant, the court then adjusts the lodestar to account for the *Kerr* factors not subsumed within the initial lodestar calculation. *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir. 1996) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and therefore, it should only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v.*

8 – OPINION & ORDER

*Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). While it is unnecessary to detail every numerical calculation, and across-the-board percentage adjustments are permissible, the court must provide "enough of an explanation to allow for meaningful review of the fee award." *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001).

Plaintiff seeks $18,268.50 in attorney's fees. Two separate law firms and seven individuals worked on this copyright infringement action. Plaintiff submits invoices from each firm in support of his requests for fees. Grossbardt Decl. Exs. 1 & 2, ECF 40-3 & 40-4. The invoices, however, lack the requisite detail to determine whether the time billed was reasonable. For example, SRipLaw law firm bills for <u>over 250 different emails</u> sent by seven different individuals but fails to describe the purpose or contents of any of these emails. This was a one issue copyright case with straight-forward allegations. While "[a] party is certainly free to hire and pay as may lawyers as it wishes, [it] cannot expect to shift the cost of any redundancies to its opponent." *Nat'l Warranty Ins. Co. v. Greenfield*, No. CV-97-1654-ST, 2001 WL 34045734, at *5 (D. Or. Feb. 8, 2001). Without more detail, the Court has serious concerns that many of Plaintiff's legal team's activities are redundant or clerical. *See Lafferty v. Providence Health Plans*, No. 08-CV-6318-TC, 2011 WL 127489, at *5 (D. Or. Jan. 14, 2011) (finding that "[i]t is well settled, both in this District and elsewhere, that it is inappropriate to seek fees under a fee shifting statute for purely secretarial or clerical work."). And though the invoice submitted by Kolish Hartwell law firm provides substantially more detail, a comparison of the vague entries from SRipLaw's invoice to Kolish Harwelll's invoice raises concerns that there is duplication between the two firms. *Nat'l Warranty Ins. Co. v. Greenfield*, No. CV-97-1654-ST, 2001 WL 34045734, at *5 (D. Or. Feb. 8, 2001) (explaining that "good 'billing judgment' requires attorneys not to bill for more than two attorneys" to conduct most tasks); *see also Precision Seed*

*Cleaners v. Country Mut.* Ins. Co., 976 F. Supp. 2d 1228, 1254 (D. Or. 2013) (finding that fees must be reasonable and cannot be excessive relative to the task). Plaintiff also submits no evidence that the requested hourly billing rates of the three lawyers, two paralegals, and three legal assistants that worked on this action are reasonable. *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987) ("The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.")

Plaintiff has not provided sufficient evidence to support its requested $18,268.50 in attorney's fees. Still, the Court acknowledges that Plaintiff's lawyers have diligently prosecuted this case going as far as engaging in settlement negotiations and prevailing on this motion. Given the lack of detail in the invoices, however, it is impossible for the Court to go line by line and determine which fees to strike. It thus applies an across-the-board percentage adjustment. To compensate for the vague entries, significant duplication, and lack of evidentiary support for the requested hourly rates, the Court reduces the requested fee award by a flat 40%. *See Chalmers City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987). ("Those hours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary."). The Court awards Plaintiff $10,961.10 in attorney's fees.

//
//
//

**V.      Costs**

Plaintiff seeks $908.25 in costs.[1] The Copyright Act authorizes courts to award "full costs" to a party in copyright litigation. Costs under the Copyright Act are limited to those six categories specified in the general costs statute. *See Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 881 (2019) (holding that the Copyright Act does not authorize costs beyond the six categories specified in the general costs statute). Those are:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title; [and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Not all the costs sought by Plaintiff are authorized by § 1920. The Court adjusts Plaintiff's costs award as follows. The $402 filing is expressly authorized by § 1920 and in the Ninth Circuit fees for "private service of process are properly taxed under section 1920." *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 177 (9th Cir. 1990). However, Plaintiff requested fees for its failed attempt at serving Defendant. The Court will award Plaintiff the filing fee and fees for its *successful* attempt at service of process only. The Court declines to award Plaintiff the requested *pro hac vice* fees and shipment fees as these costs are not taxable under § 1920 and Plaintiff cites no authority for their allowance in a copyright action. *See Kalitta*

---

[1] A table of the costs requested by Plaintiff is available at Grossbardt Decl. Ex. 1 at 21.

11 – OPINION & ORDER

*Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) ("§ 1920(1) does not allow for an award of *pro hac vice* fees as taxable costs.");*see also Cummings v. Dolby Lab'ys, Inc.*, No. 220CV04443ODWPVCX, 2021 WL 1564455, at *3 (C.D. Cal. Apr. 20, 2021) (relying on *Rimini St.* and declining to award "FedEx Expenses" as outside the "general costs statute"); *Arcona, Inc. v. Farmacy Beauty, LLC*, No. 217CV7058ODWJPRX, 2021 WL 2414856, at *5 (C.D. Cal. June 14, 2021) (9th Cir. May 11, 2022) (denying costs for "messenger/deliver" fees in copyright litigation). Plaintiff may recover $535.30 in costs.

## CONCLUSION

The Court GRANTS the Motion for Default Judgment [40]. The Court awards Plaintiff $30,000 in statutory damages, $10,961.10 in attorney's fees, and $535.30 in costs. Plaintiff is directed to prepare a judgment in accordance with this Opinion & Order and submit it via email to Judge Hernandez's courtroom deputy within 7 days.

IT IS SO ORDERED.


DATED:_____August 9, 2022____.


                                                    ___*Marco Hernandez*___
                                                    MARCO A. HERNÁNDEZ
                                                    United States District Judge